# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA
                    Plaintiff,

  -vs-                                              Case No. 21-cr-20354
                                                        Hon. Jonathan J.C. Grey

(D-8) KURTEIZ THOMPSON
                    Defendant
_____.

## MOTION FOR BILL OF PARTICULARS

Defendant KURTEIZ THOMPSON, by and through his counsel, HENRY M. SCHARG, moves this Court to require the government to furnish a bill of particulars pursuant to *Fed. R. Crim. P. 7(f)*, to advise him concerning vague, ambiguous and uninformative allegations contained in Count Four of the Superseding Indictment, and as grounds for this motion states that this information is needed to enable him to properly prepare for trial, to prevent surprise at trial, and to protect the defendant against a second prosecution for the same alleged offense in both the state and federal courts. The Defendant further states that a failure to furnish the information sought trial to trial would be a denial of his right to due process of law and a violation of his rights as guaranteed by the Sixth Amendment to the United States Constitution.

The Government should be required to state the following information:

1. The date, time, location and manner in which Kurteiz Thompson is alleged to have become a member of the conspiracy alleged;
2. Any and all acts and/or statements of Kurteiz Thompson which indicated that he had knowledge of the existence, nature and purpose of the drug conspiracy, including a description of each act or statement and its date, time and location, and the names of any persons present when the act or statement occurred;
3. Any and all evidence which indicate that Kurteiz Thompson had actual or constructive possession of any controlled substances;
4. Any and all acts of Defendant which are alleged to have taken in furtherance of the conspiracy including the nature, time and location of each such act, and the names of any persons who were present when the act occurred or who participated in the act;
5. With respect to any acts specified above that involve the possession and/or distribution of marijuana or other controlled substances, specify the nature and quantity of such substances for each such occasion; and,
6. Specify the date on which Kurteiz Thompson's participation in the conspiracy is alleged to have ended, if earlier than the termination alleged in the Superseding Indictment.

The Defendant states that the information sought is necessary to enable him to prepare his defense and avoid unfair surprise at trial. The discovery provided thus far in the multiple discovery productions do not directly implicate Kurteiz Thompson in any drug transactions, or in any other activity from which his knowledge of the existence, nature, purpose and scope of the alleged conspiracy could be inferred. Furthermore, no drugs, weapons, currency related to drug proceeds or other illegal contraband were found in the residence which the defendant resided.

That pursuant to the Local Court Rule 7.1(a)(2)(A), your movant attempted to contact opposing party and requested but did not obtain concurrence in the relief sought in this motion.

**WHEREFORE**, the Defendant requests that the government be ordered to disclose the requested particulars.

Submitted by:

/s/Henry M. Scharg (P-28804)
Attorney for Defendant
30445 Northwestern Hwy.,
Farmington Hills, Michigan 48334
(248) 596-1111
hmsattyatlaw@aol.com

Dated: January 5, 2024

### BRIEF IN SUPPORT OF
### MOTION FOR BILL OF PARTICULARS

Defendant, Kurteiz Thompson, is charged in a Superseding Indictment in Count One, with Racketeer Influenced Corrupt Organization - Conspiracy in violation of *18 U.S.C. §1962(d)*; Count Four, with Conspiracy to Distribute Control Substances in violation of *21 U.S.C. §846*. Apart from the date range of the offenses, Court Four of the Superseding Indictment provided no information about the exact dates or manner of the charged offenses. The Superseding Indictment's

lack of detail impedes Mr. Thompson's ability to prepare a defense, causing him to move for a bill of particulars under *Federal Rule of Criminal Procedure 7(f)*.

*Federal Rule of Criminal Procedure 7(f)* provides:

*The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.*

The Sixth Circuit has explained the purpose of a bill of particulars:

*(1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.*

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). See also, *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The decision to order a bill of particulars is within the sound discretion of the trial court. *Salisbury*, 983 F.2d at 1375.

In its discretion, a district court may direct the government to file a bill of particulars. To avoid unfair surprise at trial and to assist the defendant in preparing his defense, this relief allows the defendant to elicit greater detail regarding the charges against him. See *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The Superseding Indictment inadequately notifies Mr. Thompson of the

case against him and does not provide him with ample opportunity to prepare a defense to the drug conspiracy count.

The rule was amended in 1966 in order to encourage a more liberal attitude towards a bill of particulars (Advisory Committee Notes, 1966 Amendments). The courts have properly responded. See e.g. *United States v. Gatto, 746 F. Supp. 432, 477 (D. NJ. 1990)* (government had to provide names of participants in alleged offenses and specific dates and locations in RICO prosecution). Courts have recognized the need for a bill of particulars in drug conspiracy cases and complex cases involving multiple defendants. *United States v. Ramirez, 54 F. Supp. 2d 25, 30 (D.DC. 1999)* (requiring government to disclosed names of co-conspirators, dates and locations of all meetings and approximate date on which the defendant joined the conspiracy). A defendant is entitled to particulars necessary for adequate preparation even though it may reveal the government's theory. *United States v. Barnes, 158 F.2d 662, 665 (2nd Cir. 1998)*; *United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981)*.

In reliance on *Fed. R. of Crim. P. 7(f)*, the courts have often granted particulars to defendants about the nature and character of the acts constituting alleged offenses, as well as particulars about the circumstances under which the acts occurred. By requiring the government to provide the information sought by a bill of particulars, the defendant is in a better position of defend the charges or attempt to resolve them

through a negotiated plea. *United States v Lechtfuss, 331 F. Supp. 723(N.D.Ill. 1971).*

In the present case, the Indictments lack of detail has impeded Mr. Thompson's ability to prepare a defense to the conspiracy to distribute controlled substances as alleged in Count Four of the Superseding Indictment.

## **RELIEF SOUGHT**

**WHEREFORE**, for the foregoing reasons, Kurteiz Thompson, requests this Honorable Court grant a Bill of Particulars for the reasons as set forth above.

                Submitted by:

                /s/Henry M. Scharg (P-28804)
                Attorney for Defendant
                30445 Northwestern Hwy., Suite 225
                Farmington Hills, Michigan 48334
                (248) 596-1111
                hmsattyatlaw@aol.com

Dated:   January 5, 2024

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA
                                  Plaintiff,

-vs-                                                Case No. 21-cr-20354
                                                                       Hon. Jonathan J.C. Grey

(D-8) KURTEIZ THOMPSON
                                  Defendant
_____.

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 5, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                            /s/Henry M. Scharg (P-28804)
                                            Attorney for Defendant
                                            30445 Northwestern Hwy., Suite 225
                                            Farmington Hills, Michigan 48334
                                            (248) 596-1111
                                            E-mail: hmsattyatlaw@aol.com

Dated: January 5, 2024